## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO

United States of America,

      Plaintiff,

v.                                                      Crim. No. 2:21-mj-01632 CG-1

Jose Manuel Gonzalez-Sierra,

      Defendant.

## <u>MEMORANDUM OPINION AND ORDER</u>

THIS MATTER came before the Court for a hearing on Defendant Jose Manuel Gonzalez-Sierra's appeal of detention. Upon consideration of the briefing, testimony, and arguments, the Court will uphold the Order of Detention filed by Judge Carmen E. Garza on November 12, 2021. ECF No. 12.

## LEGAL STANDARD

The Bail Reform Act "establishes a two-step process for detaining an individual before trial." *United States v. Ailon-Ailon*, 875 F.3d 1334, 1336 (10th Cir. 2017) (per curiam). At step one, the court must decide the "threshold" question whether 18 U.S.C. § 3142(f) authorizes detention, *id.* at 1337, such as where the "case . . . involves . . . a serious risk that [the defendant] will flee," § 3142(f)(2)(A).

"If the court determines that there is such a risk, the government must prove at the second step" that no "'condition or combination of conditions' . . . 'will reasonably assure the [defendant's] appearance . . . as required [as well as] the safety of any other person and the community.'" *Ailon-Ailon*, 875 F.3d at 1336 (quoting § 3142(f)). Section 3142(g) sets forth the factors a court must consider in making this step-two determination:

(1) the nature and circumstances of the offense charged . . . ;

(2) the weight of the evidence against the person;

(3) the history and characteristics of the person, including—

(A) the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and

(B) whether, at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law; and

(4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release.

§ 3142(g).

The government bears the burden of proving that no set of conditions can reasonably assure a defendant's appearance by a preponderance of the evidence. *See United States v. Cisneros*, 328 F.3d 610, 616 (10th Cir. 2003). If the court so finds, it "shall order the detention of the [defendant] before trial." § 3142(e)(1).

## DISCUSSION

The government did not contend Defendant represented a danger to the community; instead, it relied solely on the risk he would fail to appear under any conditions. *See* § 3142(f)(2)(A). At step one of the analysis, the Court finds that this case involves a serious risk that Defendant will flee and thus detention is authorized under § 3142(f). The Court makes such finding due to the nature of the criminal charges in this case. As to step two of the analysis, the Court has considered the factors and finds that no condition or combination of conditions will reasonably assure Defendant's appearance.

1. **Nature and Circumstances of the Offense Charged**

The first factor, the nature and circumstances of the offense charged, weighs in favor of pretrial detention. Defendant is charged with illegal reentry because he was apprehended by Border Patrol in Doña Ana County, New Mexico. *See* ECF No. 1. The Court agrees with the Government that the nature of the criminal charge, combined with the district's proximity to Mexico, increases the possibility that Defendant would flee.

2. **Weight of the Evidence Against Defendant**

The second factor, the weight of the evidence against Defendant, also weighs in favor of detention. The evidence shows that Defendant is a citizen of Mexico, does not have documentation to remain in the United States, and was previously deported. ECF No. 10 at 1–2, 4.

Defendant asks the Court to weigh this factor differently. ECF No. 17. In his 45-page Memorandum in Support of Pretrial Release filed the day before the hearing, Defendant argues that his underlying order of removal was unlawful and therefore he has a good defense to the charges. *Id.* Defendant's argument attempts to challenge or collaterally attack the predicate removal order and as such must clear the statutory hurdle of § 1326(d). *See United States v. Palomar-Santiago*, 141 S. Ct. 1615, 1620–21 (2021). The statute reads:

> In a criminal proceeding under this section, [Defendant] may not challenge the validity of the deportation order . . . unless [Defendant] demonstrates that—
> > (1) [he] exhausted any administrative remedies that may have been available to seek relief against the order;
> > (2) the deportation proceedings at which the order was issued improperly deprived [him] of the opportunity for judicial review; and
> > (3) the entry of the order was fundamentally unfair.

3

18 U.S.C. § 1326(d). "When Congress uses 'mandatory language' in an administrative exhaustion provision, 'a court may not excuse a failure to exhaust.'" *Palomar-Santiago*, 141 S. Ct. at 1621 (quoting *Ross v. Blake*, 578 U. S. 632, 639 (2016)).[1] Moreover, counsel focused Defendant's arguments on the unlawfulness of Defendant's removal order but failed to provide the Court with the underlying order despite the 45-page filing. The Court notes the absence of a document so vital to the analysis was unhelpful at best.

Furthermore, at the hearing, the Court questioned counsel regarding the exhaustion requirement in § 1326(d). Counsel indicated that a Supreme Court case exempted Defendant from the statutory exhaustion requirement. ECF No. 18 (clerk's minutes). After the hearing, counsel provided the Court with the case of *McKart v. United States*, 395 U.S. 185 (1969). The *McKart* decision was issued during the Vietnam War era and discussed, in the context of criminal proceedings for avoiding conscription, the general requirement to exhaust administrative remedies when challenging an agency decision. *See id.* However, exhaustion doctrine *generally* (under the Administrative Procedures Act) is an issue distinct from the statutory exhaustion requirement in § 1326(d). The Court explicitly directly counsel to discuss the § 1326(d) exhaustion requirement in her supplemental brief. ECF No. 20. Yet, counsel focused the Court's attention on the general exhaustion requirement by relying heavily on *McKart*. ECF No. 21 at 4–5. Such misguided focus ignored the very recent case on point from the Supreme Court in *Palomar-Santiago.*

---

[1] However, the Court notes that *Palomar-Santiago* explicitly did not consider whether the requirements of § 1326(d) were constitutional. "To the extent [the respondent] raises freestanding constitutional claims on these bases, they were not raised below and are outside the scope of the narrow question this Court granted certiorari to decide." 141 S. Ct. at 1622 n.4.

Furthermore, in this case, Defendant was ordered removed on two grounds—conviction of a controlled substance *and* presence in the United States without authorization. Thus, the second hurdle that Defendant faces with his argument is whether even negating his prior conviction would necessarily invalidate the order of removal. Presumably, the order would still stand based on the second ground.[2]

In sum, even assuming the Court agrees with Defendant that his conviction was not final at the time the order of removal was issued and therefore was not a proper basis for the order of removal based on that conviction, Defendant has failed to convince the Court he could overcome the other two hurdles in his argument.[3] Therefore, because Defendant's argument does not seem strong enough to overcome the evidence against Defendant in this case, the Court finds that the second factor weighs in favor of detention.

### 3. History and Characteristics of the Person

The third factor, the history and characteristics of the person, also weighs in favor of detention. Defendant's criminal history includes a 2014 conviction based on two counts of possession of dangerous drugs (heroin and methamphetamine) with intent to distribute. ECF No. 10 at 4. Moreover, Defendant has strong ties to Mexico, including his father, two brothers, and one sister currently residing in Jalisco, Mexico. *Id.* at 2.

---

[2] Defendant's supplemental brief appears to attempt to address this question. However, the paragraph discussing the "alternative basis for removal" again focuses on convictions. The Court is unpersuaded by such arguments.

[3] As to Defendant's argument that the Immigration Judge lacked subject matter jurisdiction because Defendant's conviction was not final, such is blatantly without any merit. Defendant cites 28 U.S.C. § 1291, which states that federal "courts of appeals . . . have jurisdiction of appeals from all final decisions of the district courts." Defendant then attempts to draw a parallel with Immigration Courts, which are courts within the agency of the Executive Office for Immigration Review, which is part of the Department of Justice. Federal courts in the judicial branch of government derive their jurisdiction from different sources of authority than those established through agency action under the executive branch. The fact remains that Defendant could still have been prosecuted in Immigration Court for simply lacking authorization to be in the United States. A lack of a final conviction does not deprive the Immigration Court of subject matter jurisdiction over the case.

Furthermore, at the hearing, testimony of proposed third-party custodian, Ms. Velasco Hernandez, did not convince the Court that conditions of release would reasonably assure Defendant's appearance. Ms. Velasco has no stable residence but is currently staying with a friend in Denver, Colorado and seeking employment. *Id.* The Court has not been provided with an address of where Defendant would reside if released. Moreover, the Government offered to allow a proffer of Defendant's only witness's testimony. The defense declined and had the witness testify. Some of the witness's testimony was less than credible, i.e., in regards to whether she knew Defendant intended to cross the border into the United States illegally.

**4. Nature and Seriousness of the Danger if Released**

The fourth factor, the nature and seriousness of the danger to any person or the community that would be posed by the person's release, weighs in favor of Defendant. However, the Government has only argued that Defendant is a serious flight risk. Because the Court finds that Defendant poses a serious risk of flight, this fourth factor does not overcome the weight of the first three factors.

**CONCLUSION**

**IT IS THEREFORE ORDERED** that Defendant's appeal of detention is **DENIED** and that Defendant remain in the custody of the United States Marshal pending trial.

**IT IS SO ORDERED.**

**MARGARET STRICKLAND**
UNITED STATES DISTRICT JUDGE