IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                                                                                       Cr. No. 22-0073 KG

JOSE MANUEL GONZALEZ-SIERRA,

    Defendant.

MEMORANDUM OPINION AND ORDER

Defendant Jose Manuel Gonzalez-Sierra filed his "First Motion to Dsimiss [sic] the Indictment" (Motion) and a request for hearing on March 7, 2022. (Doc. 36). The United States timely responded. (Doc. 37). The Court finds that neither a reply nor a hearing would be helpful, and so denies Defendant's request for hearing. Defendant is charged with felony reentry of a removed alien. (Doc. 26). The single-count Indictment states that Defendant "had been previously deported, excluded, and removed and departed the United States on or about July 13, 2020[.]" (*Id.*) Defendant was ordered removed on June 29, 2020. (Doc. 36) at 3. In his Motion, Defendant collaterally attacks the 2020 Removal Order on the basis that the order is void for lack of jurisdiction. For the reasons explained herein, the Court denies Defendant's Motion.

I.     *Background and Procedural History*

On or about October 8, 2014, Defendant was charged in Colorado state court on two counts of possession with intent to distribute dangerous drugs, to wit, heroin and methamphetamine. A jury convicted Defendant on both counts after a trial held on or about April 4, 2017. On or about May 11, 2017, the Colorado state court sentenced Defendant to eight years of incarceration. Defendant appealed his conviction to the Colorado Court of Appeals on

or about June 20, 2017. (Doc. 36) at 3. The Colorado Court of Appeals affirmed Defendant's conviction and sentence on May 20, 2021.[1] (Doc. 36-4).

While Defendant's appeal of his criminal conviction was pending, on or about May 28, 2020, the Department of Homeland Security issued Defendant a Notice to Appear (NTA) in immigration court. (Doc. 37-1). The NTA was hand-delivered to Defendant and explained to him in Spanish. (*Id.*) at 2. Furthermore, the NTA advised Defendant that he would appear before an Immigration Judge to determine his removability, and the Government asserted that Defendant was removable: 1) as an alien present in the United States without being admitted or paroled, and who arrived at a place other than a port of entry, pursuant to 8 U.S.C. § 1182(a)(6)(A)(i) (also known as INA § 212(a)(6)(A)(i)); *and* 2) as an alien who had been convicted of, or admitted to committing, acts constituting a violation of state or federal drug laws, pursuant to 8 U.S.C. § 1182(a)(2)(A)(i)(II) (also known as INA § 212(a)(2)(A)(i)(II)). (*Id.*) at 4.

The Immigration Judge held a hearing on June 29, 2020, at which Defendant appeared. (Doc. 36) at 5. The Immigration Judge found Defendant removable for both reasons and ordered Defendant removed to Mexico. (Doc. 37-3). Defendant waived his right to appeal from the Immigration Judge's order. (*Id.*) at 2.

On or about November 1, 2021, Border Patrol Agents apprehended Defendant in Doña Ana County, in the District of New Mexico. The grand jury indicted Defendant on January 19,

---

[1] While Defendant attached a copy of the Colorado Court of Appeals' written affirmance, Defendant attached only half of the opinion, that is, only the odd-numbered pages. While it is clear that Defendant's conviction was affirmed, the document supplied by Defendant is virtually useless in evaluating the evolution of Defendant's criminal history.

2022, on one count of illegal re-entry after deportation, in violation of 8 U.S.C. § 1326(a) and (b). (Doc. 26).

II.  *Standard of Review*

Illegal reentry under 8 U.S.C. § 1326(a) requires the United States to prove the following: (1) that the defendant "has been denied admission, excluded, deported, or removed or has departed the United States while an order of exclusion, deportation, or removal is outstanding," and (2) that the defendant, thereafter, "enters, attempts to enter, or is at any time found in the United States," without the express consent of the Secretary of Homeland Security. A defendant whose removal was subsequent to a conviction for an aggravated felony, such as possession with intent to distribute a controlled substance, is subject to criminal penalties including a fine and/or imprisonment not to exceed twenty years. 8 U.S.C. § 1326(b)(2).

A defendant in an illegal reentry case may collaterally attack the legality of a prior deportation order pursuant to 8 U.S.C. § 1326(d). Under Section 1326(d), a defendant may "mount a collateral attack against a prior deportation order in response to an illegal reentry prosecution" only if he can establish that he (1) exhausted administrative remedies; (2) was deprived the opportunity for judicial review; and (3) that entry of the deportation order was fundamentally unfair. *United States v. Adame-Orozco*, 607 F.3d 647, 651 (10th Cir. 2010); 8 U.S.C. § 1326(d); *see also United States v. Palomar-Santiago*, 141 S. Ct. 1615, 1619 (2021). "Because a final deportation order enjoys a presumption of regularity," the burden is on the defendant to "prove each of § 1326(d)'s elements to overcome the presumed legality of the earlier deportation order." *Adame-Orozco*, 607 F.3d at 651. "[E]ach of the statutory requirements of § 1326(d) is mandatory." *Palomar-Santiago*, 141 S. Ct. at 1622.

III. *Analysis*

Defendant does not dispute that he is an alien who was previously removed from the United States and reentered without permission. Therefore, Defendant bears the burden of proving all three elements under § 1326(d). *Palomar-Santiago*, 141 S. Ct. at 1621; *Adame-Orozco*, 607 F.3d at 651.

Defendant makes two primary arguments: first, that his Colorado state conviction was not yet final, because the case was pending appeal, and was therefore not a "conviction" within the meaning of INA § 212(a)(2)(A)(i)(II); and second, that the Government failed to satisfy its burden to establish removability pursuant to INA § 212(a)(6)(A)(i). Defendant's arguments suffer from multiple serious flaws.

A. *Defendant's Colorado Conviction was Final*

By arguing that his Colorado state conviction was not yet final within the meaning of the statute, Defendant further argues that: 1) the immigration judge lacked subject matter jurisdiction over his case; 2) he was denied judicial review because he could not appeal an unlawful order; and 3) he was prejudiced because he could have withdrawn his application for admission. Defendant's arguments lack merit.

i. *Tenth Circuit Law on Finality of Convictions*

As an initial matter, the Court notes that Defendant made these same arguments to this very Court, in this very case, during his appeal of the pretrial detention order. (Docs. 17, 21). The Court addressed, and rejected, Defendant's argument on this point, with specific reference to *Palomar-Santiago* and § 1326(d)'s exhaustion requirement in its Memorandum Opinion and Order denying Defendant's appeal of the detention order. (Doc. 22). Nowhere in Defendant's Motion to Dismiss did he address the Court's prior ruling or the substance of *Palomar-Santiago*.

4

With respect to Defendant's broad argument that his Colorado state court conviction was not yet final in June 2020, Defendant ignored controlling Tenth Circuit precedent directly on point, to wit, *Adame-Orozco*. While Defendant did cite a predicate case, *United States v. Saenz-Gomez*, 472 F.3d 791 (10th Cir. 2007), he did so only in a string cite for the (incorrect) proposition that some circuits "arguably in dicta . . . have issued decisions defining the [Illegal Immigration Reform and Immigrant Responsibility Act of 1996 (IIRIRA)] conviction finality requirement." (Doc. 36) at 11. Defendant did not address the substance of *Saenz-Gomez*.

Had Defendant addressed the substance of *Saenz-Gomez* or properly considered its holding, or considered *Adame-Orozco* at all, he would have been forced to confront that clear and controlling Tenth Circuit law forecloses his argument.

*Saenz-Gomez* involved a sentencing enhancement to an illegal reentry conviction. In that case, the defendant was convicted of possession with intent to distribute heroin and conspiracy to distribute heroin in state court. 472 F.3d at 791-92. Before defense counsel could file a notice of appeal from the state court conviction, the defendant was removed pursuant to expedited removal proceedings and based on the state court conviction. *Id.* at 792. In his subsequent illegal reentry case, the court applied a twelve-level sentencing enhancement because Mr. Saenz-Gomez "was previously deported after a conviction for a felony drug trafficking offense . . . ." *Id.* (internal quotation omitted). Mr. Saenz-Gomez argued the sentencing enhancement had been improperly applied because his state conviction was not final at the time of his removal, and therefor was not a "conviction" within the meaning of 8 U.S.C. § 1326(b). *Id.* The United States argued that IIRIRA "eliminated the finality requirement for an alien's conviction, as codified in 8 U.S.C. § 1101(a)(48(A)." *Id.* at 793.

Put another way, the arguments in *Saenz-Gomez* grossly track the arguments made in this case. In *Saenz-Gomez*, the Tenth Circuit stated that it "has looked to 8 U.S.C. §1101 . . . to interpret the meaning of terms within 8 U.S.C. § 1326(b)(2)." *Id.* at 793 (citations omitted).

Section 1101(a)(48)(A) states:

> The term "conviction" means, with respect to an alien, *a formal judgment of guilty of the alien entered by a court*, or if adjudication of guilt has been withheld, where—
> (i) a judge or jury has found the alien guilty or the alien has entered a plea of guilty or nolo contendere or has admitted sufficient facts to warrant a finding of guilt, and
> (ii) the judge has ordered some form of punishment, penalty, or restrain on the alien's liberty to be imposed.

*Id.* at 793 (quoting 8 U.S.C. § 1101(a)(48)(A)) (emphasis added in original). The court went on to note that "courts have 'consistently held that whether a particular disposition counts as a 'conviction' in the context of a federal statute is a matter of federal determination.'" *Id.* at 793-94 (quoting *United States v. Zamudio*, 314 F.3d 517, 521 (10th Cir. 2002)). Considering the statutory language and the canons of statutory interpretation, the Tenth Circuit held that "[t]he state court's written judgment and sentence . . . falls squarely within this statutory language and therefore qualifies as a conviction under 8 U.S.C. § 1326(b)(2)[.]" *Id.* at 794.

This Court is mystified that Defendant asserts in this case that *Saenz-Gomez*'s treatment of what constitutes a "conviction" for purposes of deportation and removal was dicta: To the contrary, the Tenth Circuit squarely and clearly addressed the issue and held that a state court judgment and sentence, without regard for an appeal, is a "conviction" for immigration purposes.

Three and a half years later, in *Adame-Orozco*, the Tenth Circuit reaffirmed that "an alien is lawfully deportable as soon as a formal judgment of guilty is entered by a trial court." 607 F.3d at 653. In analyzing the statutory history, the Court noted Congress adopted the IIRIRA definition of "conviction" "specifically to supplant a prior [agency] interpretation that had

6

required deportation to wait until direct appellate review . . . of the conviction was exhausted or waived." *Id.*

Read separately and/or together, *Saenz-Gomez* and *Adame-Orozco* stand for the proposition that a conviction is final, for immigration purposes, when a trial court enters a judgment and sentence. That other circuits may consider the matter differently is of no moment to this Court, as this Court is bound by controlling Tenth Circuit law.

           ii.     *The Immigration Judge Had Subject Matter Jurisdiction*

Defendant argues that the June 29, 2020 removal order was void *ab initio* because the immigration judge lacked subject matter jurisdiction. This argument fails for two reasons. First, for the reasons explained above, Defendant's Colorado conviction qualified as a "conviction" for immigration purposes despite the fact that proceedings on direct review had not yet concluded. Second, Defendant wholly failed to acknowledge the separate and alternative basis for deportation asserted under INA § 212(a)(6). For these reasons, the immigration judge had subject matter jurisdiction to consider Defendant's status and to adjudge him removable.

           iii.     *Defendant was not Denied Judicial Review*

Next, Defendant argues that he was denied judicial review of the June 29, 2020, removal order because he could not appeal a legal nullity. For the reasons explained above, the June 29, 2020, removal order was not a legal nullity and Defendant had the opportunity to appeal to the Board of Immigration Appeals (BIA) and, ultimately, to a federal appellate court. Moreover, even if Defendant were somehow correct that the removal order was unlawful, it does not follow—and Defendant cites no authority for the proposition—that Defendant could not appeal the order for the lack of legal basis. Indeed, *Palomar-Santiago* addressed just such a situation.

In *Palomar-Santiago*, an immigration judge ordered the defendant's removal based on a felony DUI conviction in state court. 141 S. Ct. at 1620. The defendant waived his right to appeal. *Id.* Six years later, the law changed and the defendant's conviction no longer qualified as a "crime of violence," and could not qualify as an "aggravated felony," so the removal order "thus never should have issued." *Id.* Thirteen years after the change in the law, and nearly twenty years after the original removal proceedings, the defendant was again found living in the United States and was prosecuted for illegal reentry. *Id.* The Ninth Circuit excused the defendant from proving that he exhausted available administrative remedies with respect to the removal order and that the proceedings improperly denied him the opportunity for judicial review because he was "not convicted of an offense that made [him] removable." *Id.* (quoting *United States v. Ochoa*, 861 F.3d 1010, 1015 (9th Cir. 2017)). The Supreme Court reversed the Ninth Circuit and held that a defendant must satisfy all three elements of § 1326(d). *Id.* at 1620-21. In so holding, the Court noted that "the substantive validity of the removal order is quite distinct from whether the noncitizen exhausted his administrative remedies (by appealing the immigration judge's decision to the BIA) or was deprived of the opportunity for judicial review (by filing a petition for review of a BIA decision with a Federal Court of Appeals)." *Id.* at 1621.

The language of *Palomar-Santiago* squarely forecloses Defendant's argument on this point:

> Administrative review of removal orders exists precisely so noncitizens can challenge the substance of immigration judges' decisions. The immigration judge's error on the merits does not excuse the noncitizen's failure to comply with a mandatory exhaustion requirement if further administrative review, and then judicial review if necessary, could fix that very error.

*Id.* at 1621. The Court went on to strike down Palomar-Santiago's argument that "the § 1326(d) prerequisites apply only when a defendant argues that his removal order was procedurally flawed

8

rather than substantively invalid." *Id.* at 1621-22. Defendant's argument in this case is a species of the *Palomar-Santiago* argument that a substantively flawed order is "invalid from the moment [it is] entered." *Id.* at 1622. Defendant's position, like that of Palomar-Santiago, "ignores the plain meaning of both 'challenge' and 'collateral attack.' Arguing that a prior removal order was substantively unlawful is a 'challenge' to that order." *Id.*

Defendant was advised of, and waived, his right to appeal the immigration judge's decision. (Doc. 37) Ex. 2 at 11:20 (CD of Immigration Court proceedings). Therefore, Defendant had the opportunity to seek administrative and judicial review, and elected not to.

Despite the fact that *Palomar-Santiago*, a Supreme Court case directly on point with respect to the requirements of § 1326(d), was issued less than a year ago and marked a critical development in criminal immigration jurisprudence, Defendant ignored the substance of this case in his briefing. More troubling, this Court directed Defendant to *Palomar-Santiago* in its prior detention order. (Doc. 22) at 3-5. And most concerning of all, Defendant in fact cited *Palomar-Santiago*, albeit incorrectly, in the "Legal Standard" portion of his Motion. (Doc. 36) at 4. These failures are more than mere negligence or carelessness, and instead transgress the boundary into a lack of candor to this Court.

                iv.    *Defendant was not Prejudiced*

Finally, Defendant argues that he was "prejudiced because he plausibly would have been permitted to withdraw his application for admission." (Doc. 36) at 18. This argument, too, fails.

First, it is entirely unclear to this Court whether Defendant ever submitted an application for admission.[2] If he did, Defendant did not attach such an application to any of his filings. As

---

[2] Based on Defendant's citation to *United States v. Raya-Vaca*, 771 F.3d 1195 (9th Cir. 2014), it is possible that Defendant intended to argue that "he is considered to have been an applicant for admission and as such was eligible for 'withdrawal of application for admission'" despite not

9

the Court did in its prior detention order, "[t]he Court notes the absence of a document so vital to the analysis was unhelpful at best." (Doc. 22) at 4. In fact, Defendant denied having any applications or petitions pending at the time of his removal hearing. (Doc. 37) Ex. 2 at 8:46.

Second, Defendant cites *United States v. Raya-Vaca*, 771 F.3d 1195 (9th Cir. 2014), for the proposition that he can show prejudice based on showing "that he had 'plausible grounds for relief' from the removal order," meaning that "he must prove only the *plausibility* of relief" and must establish "some evidentiary basis on which relief could have been granted." *Id.* at 1206, 1207 (emphasis in original).

This Court sits in the Tenth Circuit, not the Ninth Circuit. And the Tenth Circuit applies a clear standard, to wit: "to demonstrate prejudice, an alien must show a 'reasonable likelihood that, but for the errors complained of, he would not have been deported.'" *United States v. Sandoval*, 390 F.3d 1294, 1299 (10th Cir. 2004) (quoting *United States v. Aguirre-Tello*, 353 F.3d 1199, 1208 (10th Cir. 2004) (*en banc*)).

Applying the correct standard for the Tenth Circuit, and assuming without any evidentiary basis that Defendant had applied for admission, Defendant cannot establish prejudice for two reasons: first, the Defendant cited no cognizable errors on behalf of the immigration judge, meaning the entry of the underlying order was not fundamentally unfair; and second, the Defendant remained removable under INA § 212(a)(6).

For all of these reasons, Defendant failed to establish any of the § 1326(d) elements with respect to the first basis for the underlying removal order, that is, removal following conviction for an aggravated felony—a state drug trafficking crime. Moreover, Defendant's Colorado

---

formally applying for admission to the United States. 771 F.3d at 1206. To the extent Defendant intended to assert this argument, he did not do so in his Motion.

conviction was final, within the meaning of the immigration laws, at the time of the June 29, 2020, removal hearing. Finally, Defendant was not excused from establishing any element of § 1326(d).

### B. *Defendant Cannot Collaterally Attack Removability under INA § 212(a)(6)*

With respect to the separate and alternative basis for removal under INA § 212(a)(6), that is, as an alien present in the United States without being admitted or paroled, and who arrived at a place other than a port of entry, Defendant summarily argues that the government failed to provide "clear, unequivocal, and convincing evidence" of Defendant's lack of status. (Doc. 36) at 22. This argument fails for three reasons: first, Defendant admitted to the immigration judge that he is not a citizen of the United States and had entered the United Status unlawfully, (Doc. 37) Ex. 2 at 5:05-7:15; second, Defendant conceded removability and waived his appeal (Doc. 37) Ex. 2 at 11:20; (Doc. 37-3) at 2; and third, Defendant did not, in fact, appeal the removal order.

Even if Defendant could establish, with reference to controlling Tenth Circuit precedent—of which he cited none, that the government failed to meet its burden at the removal hearing, Defendant failed to address any of the § 1326(d) factors. Indeed, Defendant waived his appeal, and therefore failed to exhaust administrative remedies with respect to this basis for removability. Moreover, because he failed to exhaust, Defendant cannot show that he was denied judicial review on this basis.

For these reasons, Defendant's argument with respect to the underlying removal order lacks merit.

IV.  *Conclusion*

For the reasons explained herein, Defendant's Motion to Dismiss is not well-taken, lacks merit in fact and law, and is denied.

IT IS SO ORDERED.

_____
UNITED STATES DISTRICT JUDGE